PHILIP D. STERN
ATTORNEY AT LAW
75 MAIN STREET, SUITE 101
MILLBURN, NJ 07041-1322
(973) 379-7500
ATTORNEY FOR PLAINTIFF, JOY COHEN

# United States District Court
# District of New Jersey

| | |
|---|---|
| JOY COHEN,<br>　　　　　Plaintiff,<br>　　v.<br>CHASE BANK USA, N.A.; and<br>MANN BRACKEN, LLC.<br>　　　　　Defendants. | Civil Action No. _____<br><br>COMPLAINT<br>AND<br>JURY DEMAND |

Plaintiff, Joy Cohen, by way of Complaint against Defendants, says:

### JURISDICTION and VENUE

1.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1332, 1337(a), and 1441. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201.1 and 2202.

2.  Venue is proper in this district as Plaintiff resides in the State of New Jersey, Defendants transact business here, and some of the acts and transactions upon which this complaint is based occurred here.

pds1232

## PARTIES

3. Plaintiff, Joy Cohen, is a natural person, and was at all times relevant a resident and citizen of the State of New Jersey residing at 39 Skyline Drive, Upper Saddle River, NJ 07458 and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Chase Bank USA, N.A. ("Chase") is a national banking association operating under the National Bank Act, 12 USC §24 et seq. According to the January 9, 2006 Public Disclosure of the Community Reinvestment Act Performance Evaluation by the United States Comptroller of the Currency: Chase is an intrastate bank headquartered in Newark, Delaware which does not operate any branch locations accessible to the public and has one branch location available only to Chase employees; and Chase is a wholly owned subsidiary of CMC Holding Delaware, Inc., which itself is wholly owned by JPMorgan Equity Holdings, Inc., a $1.2 trillion international banking company headquartered in New York, New York. Chase was engaged in the business of loaning credit and monetizing and securitizing credit and debt instruments in the State of New Jersey. For purposes of this Complaint, Chase is also engaged as a "debt collector" as defined by and within the meaning of the FDCPA,

   15 U.S.C. § 1692a(6). This Defendant may be served at 200 White Clay Center Drive, Newark, DE 19711.

5. Mann Bracken, LLC ("Mann") is a Georgia limited liability company, and is a "debt collector" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and is engaged in the business of collecting debts in the State of New Jersey, a place where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 2727 Paces Ferry Road, One Paces West, 14th Floor, Atlanta, Georgia 30339.

## BACKGROUND

6. On or about January 2, 2007, Mann, as attorneys for Chase, obtained an arbitration award against Plaintiff in the amount of $45,956.28 from the National Arbitration Forum ("NAF"). In the arbitration proceeding, Mann and Chase asserted that Chase was the successor in interest to Bank One Delaware, N.A. ("Bank One").

7. Plaintiff never entered into an agreement to arbitrate claims with any Defendant, nor with any assignor who may have assigned the claims asserted before the NAF including but not limited to Bank One.

8. After receiving notice of Defendants' attempts to initiate an arbitration proceeding, Plaintiff notified Defendants and the NAF that there was no arbitration agreement. Nonetheless, Defendants proceeded with the arbitration proceeding and such conduct constituted attempts to collect an alleged debt knowing that there was no basis in law or fact to support such action.

9. Both the Federal Arbitration Act and the New Jersey Uniform Arbitration Act afforded Defendants the remedy of seeking a judicial determination as to the existence of any purported arbitration agreement but Defendants failed or refused to avail themselves of such a remedy and, instead, proceeded with the arbitration.

10. Notwithstanding the fact that the award states that it was "Entered and Affirmed in the State of New Jersey," the arbitration proceedings took place outside the judicial district in which Plaintiff resides – namely, it was both outside her home county of Bergen County, and outside her home state of New Jersey – all in violation of 15 U.S.C. § 1692i(a)(2)(B). In particular, there was no hearing at which the parties were present and Plaintiff was not

given notice of any such hearing within Bergen County, the State of New Jersey, or within any place reasonably convenient to Plaintiff. On information and belief, notwithstanding the appearance on the Award that the arbitrator is a New Jersey attorney, the arbitrator is, in fact, a Pennsylvania attorney with offices in Blue Bell, Pennsylvania and does not hold a plenary license to practice law in the State of New Jersey. The NAF is located in the State of Minnesota. Thus, all arbitration proceedings took place outside of the County of Bergen and outside the State of New Jersey.

## CLAIMS FOR RELIEF

### First Count

11. For proceeding in violation of 15 U.S.C. § 1692d by harassing, oppressing and abusing Plaintiff by seeking to and obtaining an arbitration award through proceedings distant from Plaintiff such that it was impractical for her to defend herself.

### Second Count

12. For proceeding in violation of 15 U.S.C. § 1692e by misrepresenting to the NAF that there existed an arbitration agreement in connection with the attempt to collect a debt.

pds1232

### Third Count

13. For proceeding in violation of 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt including the bringing of an arbitration in the absence of an arbitration agreement and in a place distant and inconvenient to the Plaintiff.

### Fourth Count

14. Based on the absence of an arbitration agreement, a declaration that no arbitration agreement exists and permanently enjoining Defendants from any action in the pursuit of arbitration proceedings against Plaintiff.

### Fifth Count

15. Plaintiff contends that 9 U.S.C. § 1 et seq. (also known as the Federal Arbitration Act, or "FAA") does not apply to the facts based on the parties having never entered into an arbitration agreement. In particular, 9 U.S.C. § 10, which permits vacation of an arbitration award, does not set forth any reason based on the absence of an arbitration agreement. Moreover, the FAA applies to a "written provision in…a contract…to settle by arbitration a controversy thereafter arising out of such contract." Since no such "written provision" existed, the FAA does not apply. Nonetheless, if the Court were to determine that Plaintiff must proceed under 9 U.S.C. § 10,

then Plaintiff asserts that the "arbitrators exceeded their powers" under 9 U.S.C. § 10(a)(4) and the award should be vacated.

WHEREFORE Plaintiff demands judgment for all damages and attorneys fees as allowed under 15 U.S.C. § 1692k(a), a declaration that no arbitration agreement exists, a permanent injunction barring Defendants from proceeding against Plaintiff by way of arbitration and, alternatively, vacating the arbitration award.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

s/ *Philip O. Stern*

Dated: March 30, 2007

PHILIP D. STERN
Attorney for Plaintiff, Joy Cohen

pds1232