**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOY COHEN | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 07-1518 (WHW) |
| CHASE BANK, N.A. and MANN BRACKEN, LLC, | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Joy Cohen ("Cohen") moves for reconsideration of this Court's January 20, 2010 Opinion and Order. Defendant Chase Bank, N.A. ("Chase") opposes Cohen's motion. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. The motion is denied.

**FACTS AND PROCEDURAL BACKGROUND**

Cohen brought this action against Chase and Mann Bracken, LLC ("Mann Bracken") on March 30, 2007 (Dkt 1), though Cohen settled with and voluntarily dismissed Mann Bracken on October 20, 2009 (Dkt 76), leaving Chase as the only defendant in the case. On June 12, 2009, Chase moved for summary judgment. (Dkt 45.) Cohen opposed this motion and, on June 15, 2009, filed her own motion for summary judgment. (Dkt 51.)

**NOT FOR PUBLICATION**

On July 29, 2009, after briefing on the parties' summary judgment motions was complete, Cohen submitted a letter to Magistrate Judge Claire C. Cecchi regarding a complaint filed by the Minnesota Attorney General against the National Arbitration Forum ("NAF") on July 14, 2009 in Minnesota state court. (Dkt. 69.) This complaint alleged that the NAF had engaged in consumer fraud, deceptive trade practices, and false advertising – all in violation of Minnesota state law. (Dkt. 69, Ex. A pp.39-41.) Cohen requested that the Court "stay the pending summary judgment motions, re-open discovery and allow amended pleadings with respect to the information revealed" in the Minnesota state court complaint. (Cohen Br. 8; see Dkt 69.) On September 17, 2009, the Magistrate Judge issued an Order denying Cohen's request:

> The deadline for moving to amend the pleadings in this action – December 17, 2007 – has long since passed. (See Docket Entry No. 15). Indeed, Plaintiff has already once amended her Complaint in accordance with the deadline imposed by the Court. In addition, discovery in this case has been complete since May 9, 2008. (See Docket Entry No. 34). This matter has now significantly progressed and is in its final stages. Pursuant to the Court's Order, dated May 15, 2009, summary judgment motions were timely filed prior to the June 14, 2009 deadline. (See Docket Entry No. 43). Those motions are currently pending before the Hon. William H. Walls, U.S.D.J. Given the posture of the litigation, it is no longer appropriate to re-open discovery or to amend the pleadings. Plaintiff's requests are hereby denied.

(Dkt. 74.)

On January 20, 2010, this Court denied Cohen's Motion for Summary Judgment and granted Chase's motion for summary judgment, affirming the January 2, 2007 NAF award of $45,956.28 to Chase. (Dkt. 77, 78.) See Cohen v. Chase Bank, N.A., Civ. No. 07-1518, 2010 WL 183542 (Jan. 20, 2010). In its Opinion, the Court rejected the allegation in Cohen's Complaint that the NAF arbitrator was "guilty of evident corruption [and] misconduct" because this allegation was "a naked assertion unclothed by factual evidence." 2010 WL 183542, at *11.

**NOT FOR PUBLICATION**

On February 3, 2010, Cohen moved for reconsideration, arguing that the Court should reconsider its January 20 decision because "there likely exists 'factual evidence' to 'unclothe' Cohen's allegations of misconduct." (Cohen Br. 9.)[1] Cohen's argument is based on her assertion that "[i]f the information revealed [in the Minnesota Attorney General's Complaint] is true, Cohen's words may not have been far off the mark." (Cohen Br. 6.) Cohen states that she learned of this Minnesota state court complaint on July 29, 2009, and immediately brought it to the Court's attention; however, because the Magistrate Judge denied Cohen's request to re-open discovery, "Cohen was thus left to await the Court's ruling on the summary judgment motions." (Cohen Br. 8.) Cohen argues that "if she was successful on her summary judgment against Chase, there would have been no need to re-open discovery or proceed to address the NAF's inherent bias. She was not successful; consequently, this motion seeks relief from the Order [Doc. 78]." (Cohen Br. 8.) Cohen's requested relief is that the Court vacate its January 20, 2010 judgment and allow Cohen to conduct discovery and submit evidence of NAF corruption, or, in the alternative, that the Court stay execution of the judgment in order to allow Cohen to amend her Complaint and conduct discovery on the issue of NAF corruption. (Cohen Br. 11.)

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry. Similarly, L. Civ. R. 7.1(i) allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge [] has

---

[1] The Court presumes that Cohen intended to state that "there likely exists factual evidence to *clothe* Cohen's allegations of misconduct."

NOT FOR PUBLICATION

overlooked" within 10 business days after entry of the judgment. The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. Yurecko v. Port Auth. Trans-Hudson Corp. 279 F. Supp. 2d 606, 608-609 (D.N.J. 2003); NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

NOT FOR PUBLICATION

**DISCUSSION**

The crux of Cohen's motion for reconsideration is that the allegations in Cohen's Complaint accusing the NAF arbitrator of corruption and misconduct *may* have been true, and that, if she is permitted to conduct further discovery based on the information contained in a complaint filed by the Minnesota State Attorney General, she *may* be able to offer facts in support of her allegations. (Cohen Br. 6-8.) However, the Minnesota complaint and Cohen's requests for discovery were not addressed in this Court's January 20, 2010 Order; rather, those issues were addressed in the Magistrate Judge's September 17, 2009 Order, which denied Cohen's request for further discovery. It is clear, then, that although Cohen purports to seek reconsideration of this Court's January 20, 2010 Order, Cohen is actually seeking reconsideration of the Magistrate Judge's September 17, 2009 Order. Cohen appears to admit as much when she states that the September 17, 2009 Order "prevented her from presenting facts which should have been considered on the summary judgment motions" (Cohen Br. 11), and asks the Court to grant her relief in the form of further discovery (Cohen Br. 11-12). Because Cohen's motion for reconsideration is not actually moving this Court to reconsider its own judgment of January 20, 2010, there is no basis for this Court to grant her motion. See North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Moreover, because Cohen's motion for reconsideration was filed on February 3, 2010, the motion is clearly untimely as it pertains to the September 17, 2009 Order. See L. Civ. R. 7.1(i) ("a motion for reconsideration shall be served or filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge").

**NOT FOR PUBLICATION**

      Also, the Court notes that it is unpersuaded by Cohen's repeated assertions that there "likely exists 'factual evidence'" of arbitrator misconduct (Cohen Br. 9); that certain information, "if true," would reveal corruption and misconduct on the part of NAF (Cohen Br. 6); and that NAF's actions "suggest[] the [] validity" of allegations of NAF misconduct in the Minnesota state court complaint (Cohen Br. 7). The complaint filed by the Minnesota Attorney General is simply that – a complaint. It does not qualify as proof of wrongdoing on the part of any entity. (See Dkt. 69, Ex. A.) In addition, the Consent Judgment executed in the Minnesota state court case – which Cohen apparently offers as evidence of the wrongdoing alleged in the Minnesota state court complaint – specifically states that "this Consent Judgment shall not be construed as an admission of wrongdoing or liability by the NAF Entities." (Stern Aff., Ex. A.) In short, even if Cohen were permitted to engage in additional discovery, it is far from certain that she would find information that would corroborate her allegations of arbitrator corruption and misconduct; and even if she were to find such information, it would likely serve as nothing more than post-hoc buttressing of her initial allegations of arbitrator misconduct – allegations that were made more than a year before the Minnesota state court complaint was filed, and that were offered without any factual support in the first instance.

      Cohen has not demonstrated to this Court that an intervening change in the law has occurred since its judgment, or that new evidence not previously available has emerged since its judgment, or that there is a need to correct a clear error of law or manifest injustice in its judgment. Rather, Cohen seeks to relitigate an old matter that was decided by the Magistrate Judge's September 17, 2009 Order – an Order for which she failed to file an appropriate and

**NOT FOR PUBLICATION**

timely motion for reconsideration with the Magistrate Judge. Cohen's motion cannot now serve as a basis for the Court to grant the extraordinary remedy of reconsideration of its judgment.

**CONCLUSION**

Plaintiff Joy Cohen's Motion for Reconsideration is untimely and without merit.

It is on this 24th day of March, 2010:

ORDERED that Plaintiff Joy Cohen's Motion for Reconsideration is DENIED.

**s/ William H. Walls**
United States Senior District Judge
